IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JASON FLORY,

        Plaintiff,

vs.                                            CIV 17-0457 WJ/KBM

ANDREW SAUL, Commissioner
of the Social Security Administration,[1]

        Defendant.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION ON MOTION SEEKING § 406(b) ATTORNEY FEES

THIS MATTER is before the Court on Plaintiff's Motion for Order Authorizing Attorney Fees Pursuant to 42 U.S.C.§ 406(b) *(Doc. 31)*. Plaintiff seeks an award of $8,113.00 in attorney fees under 42 U.S.C. § 406(b)(1) for legal services rendered in the United States District Court, District of New Mexico. *Id.* at 1. Defendant has declined to take a position on this Motion. *Doc. 32*. Being fully advised in the premises, the Court finds that Plaintiff's Motion is well-taken and will recommend to the presiding judge that it be granted.

Plaintiff instituted an action in this Court seeking judicial review of Defendant's denial of his application for Social Security disability benefits. Defendant's Unopposed Motion for Remand for further proceedings at the agency level pursuant to Sentence Four of 42 U.S.C. § 405(g) was granted. *Doc. 25.* Further, this Court awarded EAJA

---

[1] Andrew Saul was confirmed as Commissioner of Social Security on June 17, 2019, and he therefore is automatically substituted as a party pursuant to Fed. R. Civ. P. 25(d).

fees in the amount of $4,600.00. *See Docs. 26, 28.* The Parties expressly agreed that

"the EAJA award [was] without prejudice to Plaintiff's attorney's right to seek attorney

fees pursuant to Social Security Act § 206(b), 42 U.S.C. § 406(b), subject to the offset

provisions of the EAJA." *Doc. 28* at 2.

Following this Court's remand, the Social Security Administration found Plaintiff

to be disabled and awarded past due benefits in the amount of $56,452.00, but withheld

twenty-five percent of those benefits, $14,113.00, in the event that Plaintiff's counsel

were to bring a claim for attorney fees pursuant to the retainer agreement. Plaintiff's

counsel now seeks authorization from this Court for an award of compensation for legal

services in an amount significantly less than that withheld.

When a court renders a judgment favorable to a Social Security claimant who

was represented before the court by an attorney, the court may allow "a reasonable fee

for such representation, not in excess of 25 percent of the total of the past-due benefits

to which the claimant is entitled." 42 U.S.C. § 406(b)(1)(A). Unlike EAJA fees, which are

paid in addition to past-due benefits, § 406(b) fees are paid out of past-due benefits.

*Wrenn ex rel. Wrenn v. Astrue*, 525 F.3d 931, 933-34 (10th Cir. 2008). If fees are

awarded under both EAJA and § 406(b), the attorney must refund the lesser award to

the claimant. *Id.* at 934. The court may award fees under § 406(b) when "the court

remands . . . a case for further proceedings and the Commissioner ultimately

determines that the claimant is entitled to an award of past-due benefits." *McGraw v.

Barnhart*, 450 F.3d 493-96 (10th Cir. 2006).

Although § 406(b) does not prohibit contingency fee agreements, it renders them

unenforceable to the extent that they provide for fees exceeding 25% of the past-due

benefits.  *Gisbrecht v. Barnhart*, 535 U.S. 798, 807 (2002); ); *Culbertson v. Berryhill*,

___ U.S. ___, 139 S. Ct. 517, 521-23 (January 8, 2019) (Section 406(b)(1)(A)'s 25%

cap applies only to fees for court representation and not to the aggregate fees awarded

under §§ 406(a) and (b)). Section 406(b) also requires the court to act as "an

independent check" to ensure that fees are reasonable even if they are less than 25%

of the past-due benefits because there is no presumption that 25% is reasonable. *Id*. at

807 n. 17.

Counsel has the burden of demonstrating the reasonableness of the fees. *Id*. at

807. The reasonableness determination is "based on the character of the representation

and the results the representative achieved." *Id*. at 808. Factors relevant to the

reasonableness of the fee request include: (1) whether the attorney's representation

was substandard; (2) whether the attorney was responsible for any delay in resolution of

the case; and (3) whether the contingency fee is disproportionately large in comparison

to the amount of time spent on the case. *Id*.  A court may require the claimant's attorney

to submit a record of the hours spent representing the claimant and a statement of the

lawyer's normal billing rate for non-contingency fee cases. *Id*.  The statute does not

specify a deadline for requesting fees. *See* 42 U.S.C. § 406(b). The Tenth Circuit,

however, has held that a request "should be filed within a reasonable time of the

Commissioner's decision awarding benefits." *McGraw*, 450 F.3d at 505.

In this case, the Court finds that the legal representation by the Michael

Armstrong Law Office, LLC of Plaintiff was more than adequate, and it obtained a <u>fully</u>

favorable decision. Counsel did not delay the proceedings before this Court. The instant

Motion was filed within a reasonable time after Plaintiff received notice of entitlement to

past-due benefits.  The Court further finds that the requested fees of $8,113.00 are

significantly below the 25% permitted by the retainer agreement and proportionate given

the amount of time (25.09 hours) spent on the case. The requested attorney fees would

therefore be in line with other fee awards authorized in this District under 406(b). *See*

*e.g., Marquez v. Astrue*, CIV 10-1165 CG *(Doc. 30)* (awarding $10,105 for 18.9 hours,

or $529.00 per hour); *Dimas v. Astrue*, CIV 03-1157 RHS *(Doc. 34)* (awarding $17,000

for 38.26 hours or $444.23 per hour). Having performed its "independent check" duties,

the Court finds the requested award to be both appropriate and reasonable.

Finally, in an attached affidavit, Attorney Armstrong explains that he is an

employee of the law firm of record but currently on inactive status in both states in which

he is authorized to practice law. Because "[a]ll proceeds from [his] representation of

claimants inures to the benefit of the firm[,]" he requests that the Court authorize direct

payment of the fees to Laura Joellen Johnson, who is now the managing member of the

firm. This appears to be a reasonable request under the circumstances.

Wherefore,

**IT IS HEREBY RECOMMENDED** that Plaintiff's Motion for Order Authorizing

Attorney Fees Pursuant to 42 U.S.C.§ 406(b) *(Doc. 31)* be granted and Plaintiff

awarded $8,113.00 in attorney fees under 42 U.S.C. § 406(b) to be paid by the Social

Security Administration. Mr. Flory should receive, as a refund, the EAJA fee previously

awarded in the of $4,600.00, or, if applicable, only such portion of the EAJA fee not

subject to offset under the Treasury Offset Program (31 U.S.C. § 3716(c)(3)(B) (2006)).

_____
UNITED STATES MAGISTRATE JUDGE

5

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a

copy of these Proposed Findings and Recommended Disposition they may file written

objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).  **A**

**party must file any objections with the Clerk of the District Court within the**

**fourteen-day period if that party wants to have appellate review of the proposed**

**findings and recommended disposition.  If no objections are filed, no appellate**

**review will be allowed.**